IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TYESHA N. ISOM, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-1350-B-BK |
| § | |
| TEXAS DEPARTMENT OF § | |
| TRANSPORTATION: § | |
| COMMUNICATIONS, § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.    BACKGROUND**

On June 10, 2021, Tyesha Isom, a Texas, resident, filed a *pro se* complaint against the Texas Department of Transportation. Doc. 3 at 1. She complains of poor network connection while working in Texas. *Id.* Isom alleges *in toto*:

> While working for Lyft, Inc., in the State of Texas, 6/21. I have received poor network connectivity and poor signal communication, driving with passengers and driving back to base destination. The loss in communications has caused passengers to feel scared; myself frustrated, and loss of earned income as a Lyft partner. I am suing for product defective liability & negligence on the Texas Department of Transportation.

Doc. 3 at 1 (errors in the original).

In the *Civil Cover Sheet*, Isom checked the box for "U.S. Government Plaintiff" as the jurisdictional basis and describes her cause of action as "federal employer's liability, product liability, negligence, violation of constitutionality of state civil communication laws." Doc. 3 at 2. In the nature-of-suit section, Isom checked multiple boxes, including ones for contract product liability, tort product liability, federal employers' liability, other civil rights, property damage product liability, alien detainee, prison condition, labor/management relations, racketeer influenced and corrupt organization, securities/commodities/exchange, other statutory actions, arbitration, and constitutionality of state statutes. *Id.* She seeks $300,000,000 in damages. *Id.*

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.[1]

## II.     ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no

---

[1] A review of PACER reveals Isom filed seven case in the Court in June 2021 and filed six cases in late 2020 and early 2021 in the United States District Court for the Eastern District of Texas.

federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Isom's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Isom has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction. Doc. 3 at 1-2. That Isom checked the box for "U.S. Government plaintiff" on the Civil Cover Sheet is insufficient to confer jurisdiction on this Court. Doc. 3 at 2. Likewise, her fleeting mention of RICO and telecommunication violations does not establish federal question jurisdiction. *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction"); *see also Deutsche Bank Nat'l Trust v. Broussard*, No. 13-CV-1400, 2013 WL 3185919, at *2 (N.D. Tex. June 24, 2013) (Lynn, J.) ( "vague references to various federal statutes . . . are insufficient to support the exercise of federal question jurisdiction").

Also, Isom has not pled facts establishing subject-matter jurisdiction on the basis of diversity, which requires complete diversity of citizenship and a good faith claim for damages in excess of $75,000.  28 U.S.C. § 1332.  Even assuming that there is complete diversity of citizenship among the parties, it is clear that Isom has arbitrarily alleged an excessive amount of damages to meet the $75,000 jurisdictional amount in controversy.   Doing so is prohibited and goes against the limited scope and purpose of the doctrine of diversity jurisdiction.  *See Thomson v. Gaskill*, 315 U.S. 442, 447 (1942); *see also Harris v. Illinois Cent. R. Co.,* 220 F.2d 734, 736 (5th Cir. 1955) (finding amount of damages for federal jurisdictional purposes must be estimated in good faith).

As mentioned *supra*, Isom seeks $300,000,000 in damages for unspecified violations.  Her allegations do not support that extraordinary request and, hence her damage claim lacks a good faith basis.  *Gaskill*, 315 U.S. at 447 ("[T]he value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation." ).  Also, Isom's assertion that Defendant is located in Texas also appears to defeat diversity jurisdiction.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).  In addition, because the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims.  28 U.S.C. § 1367(a).

 Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Isom in her complaint clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, it is recommended that Isom's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on July 15, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).